HANNAH THOMSON, Plaintiff-Appellant, v. McDONALD'S, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—88—0253, 1—88—0880 cons.

Opinion filed March 3, 1989.—Rehearing denied April 13, 1989.

Robert F. Klimek and Robert L. Richiardi, both of Klimek & Richiardi, Ltd., of Northlake, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Randall G. Talan, and Christine L. Olson, of counsel), for appellee Harry Theodore.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Hannah Thomson appeals from orders dismissing her complaint against defendant Harry Theodore on the ground that it was barred by the applicable statute of limitations. The cause of action arose out of plaintiff's fall on the ice in a McDonald's restaurant parking lot on January 29, 1985. She subsequently sued only defendant McDonald's to recover for her injuries. McDonald's registered agent was served and McDonald's then filed an appearance.

In its answer to plaintiff's complaint, McDonald's made a general denial to the allegations, including denials of the assertions that it was transacting retail food business at that restaurant or in Illinois (a different corporation, McDonald's Restaurant of Illinois, does transact business in this State), and that it owned the premises on which plaintiff fell. Both parties filed interrogatories, and in June 1986, plaintiff served a request for production on McDonald's. In July, the trial court ordered McDonald's to comply with outstanding discovery within 28 days. McDonald's took depositions of plaintiff and her husband, and its insurance company (which was also the Theodores' insurer) communicated with plaintiff regarding a possible settlement. On January 27, 1987, McDonald's sent a letter to plaintiff stating that a copy of the subject lease was available for inspection. Two days later the two-year statute of limitations expired. In March 1987, McDonald's answered plaintiff's interrogatories and stated that McDonald's did not possess, occupy, operate, maintain, or control the relevant premises. Plaintiff then discovered that Harry Theodore and Theodore Theodore were the lessees of the franchise.

Subsequently, the trial court granted McDonald's motion for summary judgment with no objections from plaintiff. Plaintiff was granted permission to amend her complaint to join Harry Theodore and Theodore Theodore as defendants. In July 1987, Harry Theodore only was served personally and thereafter he moved to dismiss plain-

tiff's complaint because it was barred by the statute of limitations. Plaintiff responded to the motion, alleging that McDonald's had fraudulently concealed plaintiff's cause of action as to the Theodores and that her complaint against Harry Theodore should relate back to the filing of the original complaint against McDonald's pursuant to section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)).

Plaintiff appealed from that order (case No. 88—0253) but it was not final and appealable. Thereafter another trial court certified the original order for immediate appeal and this second order was appealed (case No. 88—0880). Both appeals, with identical issues, have been consolidated. There are two issues on appeal: (1) whether McDonald's fraudulently concealed the cause of action against the Theodores by not timely complying with discovery; and (2) whether the requirements of section 2—616(d) (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)) were satisfied so as to allow plaintiff's amended complaint to relate back to her original complaint.

We first must dismiss appeal No. 88—0253 since the order appealed from did not contain the language required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Although not yet served with summons, Theodore Theodore is still a named defendant in the trial court proceedings.

■■ ■ With respect to the issue of alleged fraudulent concealment, there are several problems. Concealment of a cause of action sufficient to toll the statute of limitations requires an affirmative act or representation designed to prevent discovery of the cause of action. (*Chicago Park District v. Kenroy, Inc.* (1980), 78 Ill. 2d 555, 402 N.E.2d 181.) And, mere silence of a defendant accompanied by a plaintiff's failure to discover the cause of action does not constitute fraudulent concealment. (*Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 391 N.E.2d 461.) Moreover, fraudulent concealment of a cause of action by one other than the defendant usually does not toll the running of the limitations period unless the concealer is in privity with or occupies an agency relationship with defendant. *Chicago Park District*, 78 Ill. 2d at 563, 402 N.E.2d at .185.

■ However, in the present case, McDonald's gave notice, albeit in a general denial, that it did not own or control the premises where plaintiff fell. It is true that McDonald's did not timely comply with plaintiff's discovery requests. However, after it did not produce documents or answer interrogatories as ordered by the court in July 1986, plaintiff made no further efforts to compel responses or to otherwise

discover who owned or managed the restaurant. Reliance on another's representations must be reasonable and, further, to expect a plaintiff to look to public records to ascertain certain information does not impose an undue burden on a plaintiff. (See *Illinois Central Gulf R.R. Co. v. Department of Local Government Affairs* (1988), 169 Ill. App. 3d 683, 523 N.E.2d 1048.) In any event, McDonald's did not represent that it was the owner or manager of the restaurant; it merely remained silent as to the real owners' identities.

It is also clear that McDonald's was not in privity with the Theodores (see *Upper Lakes Shipping Ltd. v. Seafarers' International Union of Canada* (1963), 40 Ill. App. 2d 392, 189 N.E.2d 753), nor was there an agency relationship between the parties (see *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716, 413 N.E.2d 457 (mere licensing of a trade name does not create an agency relationship—either actual or ostensible).) According to the franchise agreement, only the Theodores were responsible for all losses and damages arising out of the operations of the business, including personal injury claims. Thus, even if McDonald's had concealed the cause of action against the Theodores, and there is no evidence that it did so, absent a special relationship not existing here, there can be no fraudulent concealment.

In addition, McDonald's is not a party to this appeal. It was granted summary judgment with no objections by plaintiff and is not now before this court to respond to her allegations. Accordingly, we cannot find on the record before us that McDonald's fraudulently concealed plaintiff's cause of action against the Theodores.

■■ We also conclude that it is legally impossible for plaintiff's complaint against Harry Theodore to relate back to her original complaint against McDonald's. Section 2—616 of the Code of Civil Procedure provides that a cause of action against a defendant not originally named is not barred by lapse of the statute of limitations if five elements are met: (1) the original action was timely filed; (2) failure to join the proper person was inadvertent; (3) service of summons was in fact personally served upon the defendant, or on his agent or partner; (4) the person, within the time suit could have been brought against him, knew the original action was pending and that the underlying transaction involved or concerned him; and (5) the amended complaint arose out of the same occurrence or transaction as that underlying the original complaint. Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).

■■ If any one of these requirements is not met, then the amended complaint cannot relate back. (*Hoving v. Davies* (1987), 159 Ill. App. 3d 106, 512 N.E.2d 729.) Plaintiff's amended complaint can-

not relate back because neither Harry Theodore nor any of his "agents or partners" were served with summons before the limitations period had expired. Plaintiff contends that McDonald's acted as an agent for the Theodores by investigating the claim and participating in discovery. The fact remains, however, that legally no agency relationship exists here, and therefore, the summons requirement of section 2—616(d) was not satisfied. Thus, there can be no relating back of the amended complaint. As a result, there is no need to discuss plaintiff's arguments concerning the inadvertence element of the statute.

For the above reasons, the trial court's dismissal with prejudice of plaintiff's complaint against Harry Theodore is affirmed.

Affirmed.

LORENZ and COCCIA, JJ., concur.