LESTER GREENFIELD, Plaintiff-Appellant, v. RAY STAMM, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—92—0125

Opinion filed February 26, 1993.—Rehearing denied April 14, 1993.

Donald J. Miller, of Forreston, for appellant.

Frederic T. Brandt, of Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford, for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

Plaintiff, Lester Greenfield, appeals the circuit court's order dismissing his amended complaint. Plaintiff raises three issues on appeal: (1) whether plaintiff's amended complaint "related back" to the time of the filing of his original complaint; (2) whether plaintiff's amended complaint is barred by *res judicata*; and (3) whether plaintiff's cause of action exists under the Business Corporation Act of 1983 (Ill. Rev. Stat. 1991, ch. 32, par. 12.80). We affirm.

On May 4, 1990, plaintiff filed suit in the circuit court of Winnebago County in cause No. 90—L—225, alleging that he suffered personal injuries on or about August 14, 1988, while operating certain farm equipment. Plaintiff's complaint named as defendants: Ray Stamm, Inc., n/k/a Stamm Farm Systems, Inc., and Van Dusen and Company, Inc., n/k/a Dyna Matic Feeding Systems, Inc. The latter defendant is not involved in this appeal. Count I alleged that defendant Ray Stamm, Inc., n/k/a Stamm Farm System, Inc., was engaged in the business of repairing and overhauling certain farm equipment and that sometime prior to August 14, 1988, defendant agreed to repair and overhaul plaintiff's farm equipment. Count I further alleged that on or about August 14, 1988, plaintiff suffered physical injuries as the proximate result of defendant's negligent acts in repairing and overhauling plaintiff's equipment.

On May 14, 1990, an affidavit of service of process was returned showing service on defendant Stamm Farm System was made by

serving Connie Stamm, "an employee of defendant." On December 11, 1990, "Stamm Farm System, Inc. incorrectly sued as Ray Stamm, Inc., n/k/a Stamm Farm Systems, Inc.," filed a motion to dismiss, or, in the alternative, a motion to transfer venue because plaintiff's complaint failed to allege jurisdiction was proper in Winnebago County. On December 20, 1990, the court entered an order, pursuant to the parties' agreement, transferring the cause to Stephenson County, where the case was assigned No. 90—L—2. The order was drafted by defendant's attorney, stating that the motion was that of defendant, Stamm Farm System, Inc., and did not state that Stamm Farm System, Inc., was incorrectly sued as Ray Stamm, Inc., n/k/a Stamm Farm Systems.

On January 8, 1991, Stamm Farm Systems, Inc., apparently propounded written interrogatories and a request for production upon plaintiff's counsel. These documents were not filed with the trial court, pursuant to local circuit court rules, and thus are not included in the record on appeal. However, a proof of service of these documents appears in the record, with the following caption of the case: Lester Greenfield, v. Ray Stamm, Inc., n/k/a Stamm Farm Systems, Inc., etc. On January 9, 1991, Stamm Farm Systems, Inc., filed its answer. The prologue to the answer stated that Stamm Farm Systems, Inc., was incorrectly sued as Ray Stamm, Inc., n/k/a Stamm Farm Systems, Inc.

On February 20, 1991, "Stamm Farm Systems, Inc., incorrectly sued as Ray Stamm, Inc., n/k/a Stamm Farm Systems, Inc.," filed a motion for summary judgment. The motion alleged *inter alia* that Stamm Farm Systems, Inc.: (1) was incorporated in 1987, (2) never repaired or overhauled plaintiff's equipment before the date of plaintiff's accident, (3) purchased the assets of Ray Stamm, Inc., for cash, and (4) did not assume the liability of Ray Stamm, Inc. The motion also alleged that the shareholders, directors, and managers of Ray Stamm, Inc., and Stamm Farm Systems, Inc., were not the same.

Attached to the motion were affidavits of Jeffrey Stamm (Ray Stamm's son) and Ray Stamm. Jeffrey Stamm's affidavit stated, *inter alia*, that: (1) he was the president of Stamm Farm Systems, Inc., (2) Stamm Farm Systems, Inc., was incorporated in 1987, (3) Jeffrey Stamm had never been a shareholder, director, or officer of Ray Stamm, Inc., (4) none of the officers or directors of Ray Stamm, Inc., had ever been officers or directors of Stamm Farm Systems, Inc., (5) the shareholder of Ray Stamm, Inc., had never been a shareholder of Stamm Farm Systems, Inc., and (6) Stamm Farm Systems, Inc., did not repair or overhaul plaintiff's equipment on or before the date of

plaintiff's injury. Ray Stamm's affidavit stated, *inter alia*, that: (1) he was the president and sole shareholder of Ray Stamm, Inc., (2) in December 1987, most of the assets of Ray Stamm, Inc., were sold for cash to Stamm Farm Systems, Inc., (3) no stock was ever transferred between Ray Stamm, Inc., and Stamm Farm Systems, Inc., (4) none of the officers or directors of Stamm Farm Systems, Inc., were officers or directors of Ray Stamm, Inc., and (5) Ray Stamm was never an officer, shareholder, director or employee of Stamm Farm Systems, Inc. Attached to Ray Stamm's affidavit were several documents relating to the sale of the assets of Ray Stamm, Inc., to Stamm Farm Systems, Inc.

On February 27, 1991, plaintiff filed an amended complaint in cause No. 91—L—2, count I of which named Ray Stamm, Inc., as defendant and alleged the identical allegations as those contained in plaintiff's original complaint. Also on February 27, 1991, plaintiff filed a new action, which was assigned case No. 91—L—14. Count I of case No. 91—L—14 named Ray Stamm, Inc., as defendant and contained the identical allegations as those contained in plaintiff's original and amended complaints in cause No. 91—L—2.

On March 8, 1991, the circuit court entered an order allowing plaintiff leave to file the amended complaint in cause No. 91—L—2. The court further ordered that Stamm Farm Systems, Inc., was dismissed with prejudice from cause No. 91—L—2.

On April 24, 1991, summons was served personally on Ray Stamm in cause No. 91—L—2. On April 26, 1991, the circuit court granted Ray Stamm, Inc.'s motion to dismiss in cause No. 91—L—14, ruling that plaintiff's cause of action was barred by the two-year product liability statute of limitations because plaintiff's alleged injury occurred on August 14, 1988, and plaintiff's complaint in cause No. 91—L—14 was not filed until February 1991.

On April 30, 1991, Ray Stamm, Inc., filed a motion to dismiss in cause No. 91—L—2. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—619.) Ray Stamm, Inc., contended that the dismissal of cause No. 91—L—14 was an adjudication on the merits of plaintiff's claim and therefore the principles of *res judicata* barred any further similar claim, including cause No. 91—L—2. Ray Stamm, Inc.'s motion also contended that, even if *res judicata* did not apply, the amended complaint in cause No. 91—L—2 should be dismissed because it was barred by the two-year product liability statute of limitations. Ray Stamm, Inc., contended that although plaintiff's original complaint, filed on May 4, 1990, appeared to be filed within two years of the alleged accident on August 14, 1988, Ray Stamm, Inc., was not a party defendant in

cause No. 91—L—2 until February 27, 1991, when Ray Stamm, Inc., was named in plaintiff's amended complaint. Ray Stamm's affidavit, attached to the motion, also stated, *inter alia*, that Connie Stamm (who had been served earlier as an employee of Stamm Farm Systems) was not an agent or employee of Ray Stamm, Inc. Ray Stamm, Inc.'s motion further contended that plaintiff's claim could not "relate back" to the time plaintiff filed his original complaint because (1) plaintiff's failure to join Ray Stamm, Inc., was not inadvertent, and (2) no service upon any agent of Ray Stamm, Inc., was ever had in the original action prior to the expiration of the statute of limitations. See Ill. Rev. Stat. 1991, ch. 110, pars. 2—616(d)(2), (d)(3).

In response, plaintiff contended that *res judicata* did not apply because that concept operates to bar similar *subsequent* suits not previously filed suits. Plaintiff also contended that plaintiff's naming of Stamm Farm Systems, Inc., as defendant instead of naming Ray Stamm, Inc., was inadvertent. Also, plaintiff contended he did not know that Ray Stamm, Inc., had sold its assets to Stamm Farm Systems until February 1991 when Stamm Farm Systems, Inc., filed its motion for summary judgment. Plaintiff contended that when he learned that Stamm Farm Systems, Inc., was a separate corporate entity from Ray Stamm, Inc., plaintiff agreed to and did dismiss Stamm Farm Systems on March 8, 1991. Plaintiff also stressed that Stamm Farm Systems engaged in several acts of litigation, *e.g.*, filing a motion to transfer venue, production requests, and a change of venue. Therefore, plaintiff contended that based on Stamm Farm Systems, Inc.'s actions, plaintiff's failure to name Ray Stamm, Inc., as a defendant in plaintiff's original complaint was inadvertent.

The trial court granted Ray Stamm, Inc.'s motion to dismiss. In its memorandum opinion, the court found:

"(1) plaintiff's amended complaint did not relate back under ch. 110, par. 2—616(d) because the affidavits attached to Ray Stamm, Inc.'s motion to dismiss negated the plaintiff's having served summons on any agent of defendant Ray Stamm, Inc., and no counteraffidavit was filed by plaintiff. Furthermore, plaintiff failed to show that his failure to name Ray Stamm, Inc. within the statute of limitations was the result of inadvertence;

(2) that the same parties and same subject matter in cause No. 91—L—2 were involved in 91—L—14, consequently, the doctrine of *res judicata* applied;

(3) that chap. 32, §12.80 of the Illinois Revised Statutes did not provide plaintiff an extended time to file his cause of action against Ray Stamm, Inc. which was dissolved in 1988."

Plaintiff filed a motion to reconsider alleging the same grounds as those plaintiff stated in opposition to defendant's motion to dismiss. The trial court denied plaintiff's motion to reconsider and entered a finding that the granting of defendant's motion to dismiss was a final and appealable order. (134 Ill. 2d R. 304(a).) Plaintiff then filed this timely appeal.

Plaintiff urges reversal is warranted on three alternative grounds: (1) that his amended complaint is not barred by the statute of limitations because it "related back" to the time of the filing of his original complaint (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d)); (2) *res judicata* does not apply; and (3) plaintiff's cause of action survives the dissolution of Ray Stamm, Inc., under the Business Corporation Act (Ill. Rev. Stat. 1991, ch. 32, par. 12.80).

Regarding plaintiff's first contention, an amendment adding a person as a defendant may relate back to the date of the filing of the original complaint and thus prevent the action from being time barred if the following five requirements are satisfied:

"(1) the time prescribed or limited had not yet expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d).)

Here, the trial court dismissed plaintiff's complaint under section 2—616(d) because plaintiff did not prove inadvertence and did not serve process on any agent of Ray Stamm, Inc., within the statute of limitations.

■ In the trial court and in his brief to this court, plaintiff cites several circumstances which he contends prove his inadvertence in not naming Ray Stamm, Inc., as a defendant within the statute of limitations period. Specifically, plaintiff relies on the similarity of names between "Ray Stamm, Inc.," and "Stamm Farm Systems Inc.," the fact that the two businesses were owned respectively by father and son, that the two businesses shared the same location at various times in Lena, Illinois, and the fact that plaintiff did business at the Lena location for approximately 20 years.

Nevertheless, plaintiff fails to refute the fact that he did not obtain service on Ray Stamm, Inc., or any of its agents within the original statute of limitations. Plaintiff obtained service on Connie Stamm within the statute of limitations and served Ray Stamm personally in May 1991, which was after the statute of limitations expired. Here, Ray Stamm filed an affidavit stating that Connie Stamm was never an agent of Ray Stamm, Inc. Plaintiff presented no evidence to the contrary. In order for an amended pleading to "relate back" to the time of the filing of the original pleading, *all* elements of section 2—616(d) must be met. (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d); *Thomson v. McDonald's, Inc.* (1989), 180 Ill. App. 3d 984, 987.) Consequently, even if plaintiff was able to prove inadvertence in not serving or not naming Ray Stamm, Inc., within the statute of limitations, plaintiff's amended complaint cannot "relate back" to the time of the filing of the original complaint, because plaintiff did not serve any agent of Ray Stamm, Inc., within the statute of limitations.

Nevertheless, plaintiff cites cases where amended complaints were deemed to relate back under section 2—616(b). (*E.g., Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44.) We note that plaintiff did not raise section 2—616(b) in the trial court. Consequently, plaintiff has waived his argument under this section.

Plaintiff does cite to several cases where relation back was proper under section 2—616(d). However, each of these cited cases is distinguishable from the facts here. In *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, the plaintiff sued the agent of the correct defendant within the statute of limitations. In *Lawrence v. Williamson Ford, Inc.* (1973), 13 Ill. App. 3d 880, a merger of one corporation into another was found, which did not occur here. In *Greig v. Griffel* (1977), 49 Ill. App. 3d 829, service of summons was never addressed. In *Greil v. Travelodge International, Inc.* (1989), 186 Ill. App. 3d 1061, the two corporate defendants discussed were found to be one and the same, which is not the case here. In *Ellis v.*

*Borisek* (1991), 220 Ill. App. 3d 48, the proper defendant was served within the statute of limitations.

Plaintiff cites no cases where a plaintiff sued a wrong or misnamed defendant where relation back was warranted under section 2—616(d) even though all of the elements of that section were not met. Nor have we found any such cases. Consequently, we hold that plaintiff's amended complaint did not relate back to the date of the filing of plaintiff's original complaint. Therefore, plaintiff's amended complaint is barred by the two-year product liability statute of limitations. The trial court's ruling on this issue was correct.

Similarly, the trial court properly ruled that plaintiff's complaint in cause No. 91—L—14 was barred by the doctrine of *res judicata*. The trial court's dismissal of cause No. 91—L—14, based on the two-year statute of limitations, is an adjudication on the merits. (See 134 Ill. 2d R. 273; *Muscare v. Voltz* (1982), 107 Ill. App. 3d 841.) Here, plaintiff's subsequent filing in No. 91—L—14 and the original and amended filings in No. 91—L—2 contain the identical allegations and parties. Once the trial court dismissed cause No. 91—L—14 on the basis of the statute of limitations, that dismissal operated as *res judicata* barring further litigation of cause No. 91—L—2.

■ Nevertheless, plaintiff contends that *res judicata* cannot operate to bar a previously filed suit. Plaintiff relies on the fact that cause No. 91—L—14 was filed after plaintiff filed cause No. 91—L—2. Consequently, plaintiff contends that *res judicata* cannot operate to bar the previously filed suit, cause No. 91—L—2. Interestingly, plaintiff cites a case which specifically refutes this contention. *Singer v. Brookman* (1991), 217 Ill. App. 3d 870, states:

> "The doctrine of *res judicata* (section 2—619(a)(4) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(4))) requires a dismissal with prejudice where an action is barred by a prior *judgment*. In order for this doctrine of preclusion by prior *judgment* to apply, there must be an identity of parties or their privies, identity of the cause of action and subject matter, and a final judgment on the merits in the earlier suit." (Emphasis added.) (217 Ill. App. 3d at 875.)

This language implies that once there is final judgment, causes of action containing identical parties, subject matter, and issues are precluded by the doctrine of *res judicata*. It is the timing of the judgment, not the timing of the filing, which controls the doctrine. See also *Kewanee Lumber & Supply Co. v. Guest Laundry Co.* (1940), 306 Ill. App. 491 (the first *judgment* rather than the first *filing* is the basis for *res judicata*).

■ Lastly, plaintiff contends that even if his amended complaint is barred by *res judicata* and does not relate back to the time of the original filing, plaintiff still has a valid cause of action under the Business Corporation Act. We disagree. The particular statute plaintiff relies upon states:

> "Survival of remedy after dissolution. The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a judgment of dissolution by a circuit court of this State, or (3) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or *claim existing*, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 32, par. 12.80.

Here, the parties do not dispute that Ray Stamm, Inc., was dissolved, although the parties disagree as to the exact date of the dissolution. Plaintiff contends that Ray Stamm, Inc., dissolved on March 1, 1989, while defendant contends that its corporation dissolved on February 21, 1988. The record is not sufficiently clear as to which of the two dates is correct. However, the exact date of the dissolution is irrelevant for our purposes here. Regardless of whether defendant's corporation dissolved in 1988 or 1989, the fact remains that plaintiff's claim against defendant no longer exists because it is barred by the statute of limitations and the doctrine of *res judicata*. Consequently, the claim exerted by plaintiff in both his original and amended pleadings is no longer a "claim existing" against Ray Stamm, Inc. Moreover, the case relied upon by plaintiff, *Poliquin v. Sapp* (1979), 72 Ill. App. 3d 477, expressly stated that the survival of remedy after dissolution statute is in essence a corporate survival statute rather than a statute of limitation. The corporate survival statute does not extend the two-year statute of limitations for personal injuries as is the case here.

For these reasons, the order of the circuit court of Stephenson County dismissing plaintiff's amended complaint is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.