RICHARD MORTON, as Independent Adm'r for the Estate of William R. Morton, Plaintiff-Appellant, v. MADISON COUNTY NURSING HOME AUXILIARY, Defendant (The County of Madison, Defendant-Appellee).

Fifth District    No. 5—99—0509

Opinion filed December 15, 2000.

GOLDENHERSH, J., dissenting.

Mark Levy, of Levy, Levy & Stipes, P.C., of Edwardsville, and Roy C. Dripps, of Lakin Law Firm, of Wood River, for appellant.

Donald L. Smith, of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Richard Morton (plaintiff), independent administrator for the estate of William R. Morton, the decedent, appeals from the dismissal of counts III and IV of his amended complaint. At issue is whether section 2—616(d) of the Code of Civil Procedure (Code) (735 ILCS 5/2—616(d) (West 1998)), comprising the "relation back" doctrine for the amendment of pleadings, requires that a summons must be served upon a subsequent defendant within the limitations period. We hold that it does. For the following reasons, we affirm the judgment of the circuit court of Madison County.

## BACKGROUND

On August 3, 1998, plaintiff filed a two-count complaint pursuant to the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)) and the Survival Act (755 ILCS 5/27—6 (West 1998)) against the Madison County Nursing Home Auxiliary (Auxiliary), a not-for-profit corporation. The decedent, while a resident of the Madison County Nursing

Home (nursing home), either jumped or fell from a third-story window of the nursing home on February 15, 1998, resulting in his death. The Auxiliary was served with process on August 7, 1998. On September 9, 1998, the Auxiliary filed its answer to the complaint. The Auxiliary's answer, among other things, denied that the decedent was its resident and denied that it had nursing-home-type duties. The Auxiliary filed an amended answer to the complaint on December 18, 1998, setting forth the affirmative defense that it has no title or interest in the nursing home, that it has no authority or power of management or control over the nursing home, and that the nursing home is subject to the authority and control of the County of Madison (Madison County), a governmental corporation.

On March 29, 1999, plaintiff filed a motion to amend his complaint by adding Madison County as a defendant pursuant to section 2—616 of the Code (735 ILCS 5/2—616 (West 1998)), alleging that Madison County was a proper defendant, that the failure to join Madison County as a defendant had been inadvertent, that the cause had been filed within the limitations period, that a summons had been served upon Roger Hotson, the director of the nursing home and an agent of Madison County, that Madison County had been aware of the lawsuit, and that the cause of action against Madison County arose out of the same occurrence as the cause of action against the Auxiliary. This motion was granted on March 30, 1999, and the amended complaint adding counts III and IV naming Madison County as a defendant was filed on the same date. The Madison County clerk was served with summons on April 12, 1999.

On April 15, 1999, Madison County filed a motion to dismiss counts III and IV of the amended complaint. Madison County argued that the complaint against the county should be dismissed because it was filed beyond the one-year statute-of-limitations period and that the requirements of section 2—616 of the Code for allowing the amended complaint to relate back to the time of the filing of the original complaint had not been satisfied. Specifically, Madison County alleged that plaintiff's failure to join it as a defendant was not inadvertent under section 2—616(d)(2) (735 ILCS 5/2—616(d)(2) (West 1998)) and that a summons was not in fact served upon Madison County or upon its agent or partner under section 2—616(d)(3) (735 ILCS 5/2—616(d)(3) (West 1998)).

On May 24, 1999, the circuit court of Madison County entered an order dismissing counts III and IV of plaintiff's amended complaint against Madison County. Specifically, the court ruled that plaintiff's failure to join Madison County was inadvertent within the meaning of section 2—616(d)(2) but that the service of summons on the director

of the nursing home did not satisfy the section 2—616(d)(3) requirement that there must in fact be service on Madison County, because the service requirements of section 2—211 of the Code (735 ILCS 5/2—211 (West 1998)) had not been met. Section 2—211 of the Code provides, in pertinent part, that in actions against municipal corporations "summons may be served by leaving a copy with the chairperson of the county board or county clerk in the case of a county." 735 ILCS 5/2—211 (West 1998). Thus, the circuit court concluded that the service on the nursing home director was insufficient to constitute service on Madison County. The court noted that plaintiff failed to cite authority to support his argument that the service requirement of section 2—616(d)(3) could be fulfilled after the running of the statute of limitations period, and furthermore, the court ruled that the argument was meritless because it rendered subsection (d)(3) unnecessary.

Plaintiff's motion to reconsider was denied on July 14, 1999. Specifically, the court ruled that the service of summons on the county clerk after the statute of limitations had expired did not meet the requirements of section 2—616(d)(3), so that plaintiff's amended complaint cannot relate back to the original complaint. In effect, the circuit court ruled that actual service on the subsequent defendant must be within the statute of limitations. Plaintiff now appeals.

On appeal, plaintiff argues that section 2—616(d)(3) of the Code does not expressly require that a summons be served upon a subsequent defendant within the limitations period and that the trial court erred by requiring service within the limitations period.

## STANDARD OF REVIEW

■ Although this case comes before us on a motion to dismiss (735 ILCS 5/2—619 (West 1998)), based on the trial court's allowing plaintiff to amend his complaint under section 2—616, where an abuse-of-discretion standard is usually applied to questions of whether an amendment of pleadings should be allowed (*Cochran v. Perry County Road District No. 1*, 295 Ill. App. 3d 1089, 1094 (1998)), the ultimate issue in this case is the interpretation of section 2—616(d)(3). The interpretation of a statute is a question of law that we review *de novo*. See *Department of Public Aid ex rel. Davis v. Brewer*, 183 Ill. 2d 540, 554 (1998); *In re Application for Tax Deed*, 285 Ill. App. 3d 930, 932 (1997).

## DISCUSSION

The issue in this case is whether section 2—616(d)(3) of the Code requires that a summons be served upon a subsequent defendant within the limitations period. We believe it does.

■ Section 2—616(d) provides:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person [or] his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(d) (West 1998).

■ All the requirements of section 2—616(d) must be satisfied for a plaintiff to add a defendant after the statute-of-limitations period has expired, and if any element is not met, the amended complaint cannot relate back. See *Webb v. Ambulance Service Corp.*, 262 Ill. App. 3d 1039, 1043-44 (1994). In this case, all the elements have not been satisfied. We shall briefly address the first, second, fourth, and fifth requirements, which are uncontested, and then turn to the third requirement for a full discussion.

Under the first requirement (735 ILCS 5/2—616(d)(1) (West 1998)), the original action in this case was timely commenced within a few months of the decedent's death.

Pursuant to the second requirement (735 ILCS 5/2—616(d)(2) (West 1998)), the circuit court made an express finding of inadvertence in plaintiff's failure to add Madison County as a defendant. Although the trial court noted that there were problems with plaintiff's argument regarding inadvertence, it concluded that such a finding was

in conformance with our decision in *Campbell v. Feuquay*, 140 Ill. App. 3d 584 (1986), and furthered the ends of justice. We agree.

The fourth requirement (735 ILCS 5/2—616(d)(4) (West 1998)) necessitates that the defendant knew prior to the running of the statute of limitations that a complaint had been filed. See *Vaughn v. Speaker*, 126 Ill. 2d 150, 159-60 (1988). In this case, the defendant has consistently admitted that it had knowledge of the proceeding. Indeed, counsel for the Auxiliary was also counsel for Madison County.

Regarding the fifth requirement (735 ILCS 5/2—616(d)(5) (West 1998)), it is undisputed that the cause of action in the amended pleading arose from the same transaction or occurrence as alleged in the original complaint concerning William R. Morton's death.

We turn now to the contested third requirement (735 ILCS 5/2—616(d)(3) (West 1998))—that a summons was in fact served upon the person or his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as an agent of another.

Plaintiff argues that section 2—616(d)(3) does not expressly require that the service of summons be within the limitations period and that the trial court erred in interpreting the section in that manner. Plaintiff urges us to take the language of this particular section at "its face value." Madison County argues that a commonsense reading of the statute establishes that section 2—616(d)(3) requires that the summons be served within the statute of limitations applicable to the case. Madison County contends that if we are to adopt plaintiff's position, then section 2—616(d)(3) would be rendered meaningless.

When a court interprets a statute, no paragraph should be interpreted so as to be rendered meaningless. See *Collins v. Board of Trustees*, 155 Ill. 2d 103, 111 (1993). Legislative intent, nevertheless, remains the primary inquiry and controls our interpretation of a statute. See *Collins*, 155 Ill. 2d at 111.

Section 2—616(d)(3) requires that "service of summons was in fact had upon the person." 735 ILCS 5/2—616(d)(3) (West 1998). This reference indicates to us that service must be accomplished before the protection of section 2—616(d) is sought. In other words, a subsequent party must be served with a summons and the amended pleading within the limitations period so that the amended pleading may relate back to the timely filed original pleading.

If we were to read section 2—616(d)(3) as plaintiff suggests, then the service of summons could be accomplished at *any* time so long as the other statutory requirements are met. Such a reading renders section 2—616(d)(3) meaningless. The section is unnecessary if the service of summons is not required within the limitations period, because

a subsequent defendant could then be added at any time. Such an interpretation eviscerates the statute of limitations and is unacceptable.

Furthermore, it seems to us that the legislature intended section 2—616(d)(3) to work when a plaintiff gets close—that is, he serves the right person but in the wrong capacity. That is not what happened here. In this case, plaintiff served the wrong person.

Cases of mistaken identity, analyzed under section 2—616(d), have resulted in harsh but predictable ends in the Illinois courts. See, *e.g.*, *Thomson v. McDonald's, Inc.*, 180 Ill. App. 3d 984 (1989). Cases of mere misnomer, analyzed under section 2—401(b) of the Code (735 ILCS 5/2—401(b) (West 1998)) and usually due to a misspelling of a defendant's name, have resulted in far more favorable results for plaintiffs. See, *e.g.*, *Thielke v. Osman Construction Corp.*, 129 Ill. App. 3d 948 (1985). The critical distinction has been, Who did the plaintiff intend to sue? See *Thielke*, 129 Ill. App. 3d at 951. In cases of mistaken identity where section 2—616(d) applies, service is required before the running of the statute of limitations. See *Thielke*, 129 Ill. App. 3d at 951; see also *Retzler v. Pratt & Whitney Co.*, 309 Ill. App. 3d 906, 921 (1999); *Rapier v. First Bank & Trust Co.*, 309 Ill. App. 3d 71, 80 (1999). Indeed, this court has expressly declared that service on a subsequent defendant be *within the statute of limitations*. See *Greenfield v. Ray Stamm, Inc.*, 242 Ill. App. 3d 320, 326 (1993) (conducting section 2—616(d) analysis); *Silver v. Lee Shell Equipment Corp.*, 31 Ill. App. 2d 266, 270 (1961) (conducting analysis under the predecessor of section 2—616(d)).

Therefore, we conclude that the circuit court did not err in interpreting section 2—616(d)(3) to require that the summons be served upon a subsequent defendant within the limitations period.

Additionally, section 2—211 of the Code provides that a county may only be properly served through the county clerk or the county board chairperson. 735 ILCS 5/2—211 (West 1998). Here, the Madison County clerk was not served until after the statute of limitations had expired. Service on Hotson, although an agent of Madison County as the director of its nursing home, before the running of the statute of limitations was not the equivalent of service on the county through its clerk or board chairperson. Accordingly, the relation-back doctrine does not apply, and counts III and IV of plaintiff's amended complaint were properly dismissed as having been filed beyond the limitations period.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

KUEHN, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent.

I agree with my colleagues in citing *Collins v. Board of Trustees*, 155 Ill. 2d 103 (1993), for the principle that in determining legislative intent, which is the primary inquiry a court of review must undertake, no paragraph should be interpreted so as to render that paragraph meaningless. Unfortunately, the majority's interpretation of subsection 3 of section 2—616(d) of the Code of Civil Procedure (735 ILCS 5/2—616(d) (West 1998)) would render subsection 4 meaningless.

Subsection 3 reads as follows:

"(3) [S]ervice of summons was in fact had upon the person [or] his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary[.]" 735 ILCS 5/2—616(d)(3) (West 1998).

Subsection 4 reads as follows:

"(4) [T]he person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her[.]" 735 ILCS 5/2—616(d)(4) (West 1998).

I contend that a reading of subsection 3 as the majority has done would render subsection 4 meaningless. Subsection 4 specifically addresses the actual or implied knowledge that a person would have during the time in which that person or entity could be sued within the statute of limitations. In subsection 4 the language is that the "person *** *knew* that the original action was pending" (emphasis added) (735 ILCS 5/2—616(d)(4) (West 1998)), which implies that that person had knowledge of the action during the time that that person could be served, and that knowledge is viewed from a point after the person could no longer be sued within the statute of limitations. To have subsection 4, which contemplates the examination of knowledge prior to the running of the statute of limitations, have any effect or meaning, subsection 3 must be read without the limitation of service being

accomplished within the original statute of limitations. Otherwise, subsection 4 is meaningless and superfluous. A reading of subsection 3, however, without the limitation of service within the original statute of limitations means that, in order to come under section 2—616, the plaintiff must have accomplished actual service, whether before or after the running of the statute of limitations. That meaning is consistent with a reasonable reading of subsection 4 and the other subsections of section 2—616.

Accordingly, I dissent.