*In re* APPLICATION OF COUNTY COLLECTOR FOR JUDGMENT OF SALE AGAINST CERTAIN LANDS AND LOTS—(FIRST LIEN Co., Petitioner-Appellee, *v.* CRAWFORD SAVINGS & LOAN ASSOCIATION, Objector-Appellant.)

(No. 54495;

First District—November 23, 1970.

*Rehearing denied March 5, 1971.*

Lyle H. Rossiter, of Chicago, for appellee.

McCarthy, Scheurich, Duffy & McCarthy, of Chicago, (John M. Duffy and Frank K. Neidhart, Jr., of counsel,) for appellant.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the County Division of the Circuit Court of Cook County directing the County Clerk of Cook County to issue to the First Lien Co. a tax deed to improved property located at 9355 South Emerald Avenue in Chicago.

Crawford Savings and Loan Association (Crawford), which filed objections to the issuance of the tax deed, contends on appeal (1) that the Circuit Court should have permitted redemption on the date of hearing because the Petition of First Lien Co., specifically provided for redemption at any time on or before the date of hearing; (2) that the findings of the Circuit Court were clearly erroneous; and (3) that the tax sale was void because First Lien did not make payment "forthwith" as required by Section 247 of the Revenue Act of 1939 as amended (Ill. Rev. Stat. 1965, Ch. 120, § 728).

Ivory R. Phinisee and Dorothy Phinisee were the owners and occupants of a single family brick bungalow valued at approximately $25,000.00 and located at 9355 South Emerald Avenue in Chicago. Crawford held a mortgage on the property with an unpaid balance of $12,857.70.

The City of Chicago levied a special assessment against the property which was to be paid in five installments. The first installment of $130.83 was not paid when due and became delinquent after January 1, 1964. The City of Chicago obtained judgment on the delinquent installment, and the property was ordered sold. The Cook County Collector conducted the sale on April 20, 1966. First Lien Co. made the successful bid on the property and paid the Cook County Collector $153.61 on May 3, 1966. The two year redemption period ended on April 19, 1968, but First Lien Co. voluntarily extended the redemption period until January 16, 1969.

On September 4, 1968, First Lien Co. filed a Petition for Deed in the County Division of the Circuit Court of Cook County. The prayer for relief stated:

Petitioner asks that an order may be entered directing the County Clerk of Cook County, Illinois to issue a deed to your petitioner if redemption shall not have been made on or before the date of hearing upon this petition.

On September 4, 1968, First Lien Co. in addition caused the Clerk of the Circuit Court to notify the Phinisees, Crawford, and the Chicago Title and Trust Co. by certified mail that the redemption period would end on January 16, 1969, that a petition for tax deed had been filed, and that the Circuit Court would hold a hearing on the petition on January 21, 1969. On September 17, 1968, an agent of First Lien Co. served Crawford with notice which contained substantially similar information as the notice mailed by the Clerk of the Circuit Court.

Crawford first learned of the tax sale when on September 8, 1968, it received the notice mailed by the Clerk of the Circuit Court. Crawford then contacted the Phinisees and informed them that they would have to pay the special assessment because their tax escrow account did not provide for payment of special assessments. On November 18, 1968, Crawford obtained an estimate of the cost of redemption, and on December 9, 1968, the Phinisees executed an advance agreement to finance the payment of the special assessment. In late December, 1968, Crawford ordered a title report from the Chicago Title and Trust Co., and in early January, 1969, its attorneys searched the tract book at the Chicago Title and Trust Co. and ascertained that the Phinisees still held title to the property.

On January 21, 1969, Crawford tendered the redemption money to the County Clerk who refused to accept it because the redemption period had ended on January 16, 1969. On January 23, 1969, Crawford remitted the redemption money along with the redemption estimate to First Lien Co. who returned the money on January 24, 1969.

At the hearing on March 19, 1969, Crawford presented testimony to establish that First Lien Co. had waived strict enforcement of the redemption period. James R. Krebs, Vice President of Crawford, testified that on or about December 14, 1968, he had telephoned Donald Leahy, an officer of First Lien Co., about the redemptions of a number of pieces of property including the property located at 9355 South Emerald Avenue in Chicago. He further testified that Leahy had told him "that it takes a couple of weeks to obtain a deed and during that period we would accept the redemption of the taxes."

Donald Leahy, Treasurer of First Lien Co., testified that he did not recall having a conversation with Krebs on or near December 14, 1968. He further testified that it was his practice to note telephone calls on his case file and that there were no notations on his file of any conversation with Krebs on December 14, 1968. The file had notations of a call from an attorney who requested the redemption price on September 19, 1968, and of a call from Krebs on January 21, 1969. Leahy then described the January 21, 1969, conversation with Krebs:

He stated at that time he had called, he had spoken to me earlier, well, before this. I don't think he stated what time or day. And, I had confirmed with him that I would accept redemption prior or after the period of redemption. And, I said at that time I had no recollection of talking to him. And, it is my general practice to state that the period of redemption was a final date. Anything could be paid and it should be paid prior to this because sometime there are problems.

The Circuit Court sitting without a jury found in favor of First Lien Co. and against Crawford, and directed First Lien Co. to present its order for the issuance of a deed with a report of the proceedings. First Lien Co. presented the order to the Circuit Court without giving notice to Crawford. The order was entered and the deed issued. Crawford filed a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, Ch. 110, § 72) to vacate the order. The Circuit Court vacated the order because of First Lien Co.'s failure to give proper notice and then entered a new order directing the issuance of a tax deed. Crawford appeals from this order.

■ ■ We shall first consider the contention of Crawford that the Circuit Court should have permitted redemption on the date of the hearing because the Petition of First Lien Co. specifically provided for redemption at any time on or before the date of hearing. The general rule is that issues, questions, points, or contentions not presented in the trial court and properly preserved for review will not be considered on appeal. *Woman's Athletic Club of Chicago v. Hulman* (1964), 31 Ill.2d 449, 202 N.E.2d 528.

■■ We consider next the contention that it was clearly erroneous for the Circuit Court to find that First Lien Co. did not waive strict adherence to the redemption period. A reviewing court is empowered to review both errors of law and errors of fact. Supreme Court Rule 366 (Ill. Rev. Stat. 1969, ch. 110A, par. 366). If the reviewing court determines that a finding in a nonjury case is against the manifest weight of the evidence, it will reverse and remand for a new trial. (*Hires v. Price* (1966), 75 Ill.App.2d 202, 220 N.E.2d 327.) If the reviewing court determines that all the evidence, when viewed in its aspect most favorable to the prevailing party, so overwhelmingly favors the other party that no contradictory verdict could ever stand, the reviewing court will reverse without remanding the case for a new trial. *Pedrick v. Peoria and Eastern Railroad Company* (1967), 37 Ill.2d 494, 229 N.E.2d 504.

■■ First Lien voluntarily extended the time for redemption from April 19, 1968 to January 16, 1969. In its Petition for Deed First Lien Co. prayed for an order only "if redemption shall not have been made on or before the date of hearing upon this petition." Crawford was in-

volved in a number of dealings with First Lien Co. First Lien Co. knew that Crawford had a mortgage on the property and that Crawford was a highly regulated "quasi public institution, chartered to encourage thrift and promote the ownership of homes, with powers and immunities peculiarly their own." (*People ex rel. Barrett v. Logan County Building and Loan Association* (1938), 369 Ill. 518, 17 N.E.2d 4.) Crawford prepared to redeem months before the expiration of the redemption period. It obtained an estimate of the redemption costs; it obtained an advance agreement from the Phinisees; it requested a title report from the Chicago Title and Trust Co.; it had its attorney make a search of the tract book. Crawford attempted unsuccessfully to redeem from the Clerk of Cook County on January 21, 1969, and tendered the redemption money to First Lien Co. on January 23, 1969. Krebs testified clearly and unequivocally that Leary had orally waived strict adherence to the redemption period. In contrast Leary's recollection was at best vague. We have reviewed the entire record and in the light of the totality of the circumstances and in the light of the testimony of Krebs we have concluded that the evidence and the conduct of the parties so overwhelmingly show a waiver of strict adherence to the redemption period that we could never permit a judgment in favor of First Lien Co. to stand.

We note that First Lien Co.'s Petition for Deed was a part of the record. We have not considered the contention that the prayer for relief in the Petition for Deed operated by itself as an extension of the redemption period because Crawford did not raise this point in the Circuit Court. We have, however, considered the wording of the prayer for relief as relevant, cumulative, and corroborative evidence that First Lien Co. had waived strict adherence to the period of redemption.

■■ We finally consider the contention that the tax sale was also void because First Lien Co. did not make payment "forthwith" as required by Section 247 of the Revenue Act of 1939 as amended (Ill. Rev. Stat., 1965, ch. 120, par. 728). Section 247 of the Revenue Act provides in relevant part:

"The person purchasing any tract or lot or any part thereof, shall forthwith pay to the collector the amount charged on such tract or lot * * *. If a purchaser fails to complete his purchase as herein provided, the purchase shall become void, and be of no effect, * * *."

The Appellate Court in *Hoffman v. Stuckslager* (1970), 121 Ill.App.2d 129, 257 N.E.2d 248 construed the term "forthwith" in Section 247 to mean that the purchaser at a tax sale must make payment on the date of the sale and the Court held that when payment is made after the date of sale, the sale and orders based on the sale are void. We are in

accord with the reasoning and result of *Hoffman v. Stuckslager*.

In the case at bar, First Lien Co. made payment of its bid thirteen days after the tax sale and consequently the tax sale and the order directing the issuance of a tax deed are voidable and subject to direct attack.

■■ Crawford did not raise the issue of the validity of the tax sale until it filed its reply brief. Since Crawford is contesting the validity of the sale and this being a direct as distinguished from a collateral attack on the jurisdiction of the Court to grant the petition for deed, Crawford may raise the issue on appeal even though it did not raise the issue in the Circuit Court.

The objections interposed by Crawford Savings & Loan Association to the petition for a tax deed should have been sustained. The judgment of the Circuit Court is reversed and remanded with directions to allow Crawford Savings & Loan Association the right to redeem.

Reversed and remanded, with directions.

MURPHY and ADESKO, JJ., concur.