GAIL HARINEK, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)    No. 1—95—1206

Opinion filed September 25, 1996.

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon and Lisa Thaviu, of counsel), for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Timothy W. Joranko, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Gail Harinek (plaintiff) appeals the trial court's dismissal of her second amended complaint, which states claims of negligence (count II) and wilful and wanton conduct (count III) against the City of Chicago (defendant or the City) for acts that occurred during a fire drill conducted by the City's fire department (the Department). The trial court's order of dismissal, entered pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), held that the City was immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/1—101 *et seq.* (West 1992)) and did not owe plaintiff a "special duty."

Plaintiff's second amended complaint alleges that on April 28, 1993, the Department conducted a fire drill on the eighth floor of the

Chicago Title and Trust Building located at 171 North Clark Street in Chicago. Pursuant to a plan conceived by the City's fire marshall, plaintiff and fellow employees of the Chicago Title Insurance Company were instructed by the fire marshall to assemble in a small corridor near a bank of elevators. Plaintiff was instructed to stand next to a heavy fire door because the corridor was "overcrowded."

During the course of the drill, a co-worker unexpectedly opened the door which, due to her position in the door's path, struck and injured plaintiff.

In addition to plaintiff's claim of negligence, she specifically alleges that the fire marshall was "uniquely aware of the danger into which he placed Plaintiff, that he was in control of Plaintiff at the time she was injured, and that he owed a special duty towards Plaintiff."

The City moved to dismiss counts II and III, asserting that it did not owe plaintiff a duty in tort and that it was immune from liability by reason of the provisions of the Act.

The trial court ruled that the Act barred plaintiff's claim against the City and dismissed counts II and III of plaintiff's complaint with prejudice. At the same time, the trial court denied the building owner's motion to dismiss the count against it on unrelated grounds. Plaintiff appealed to this court pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304(a)) on April 5, 1995.

When reviewing a motion to dismiss, the court must accept all well-pleaded facts as true and construe all reasonable inferences in favor of the plaintiff. *Majewski v. Chicago Park District*, 177 Ill. App. 3d 337, 338 (1988). The pertinent inquiry is whether the allegations, when viewed in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. *Oropeza v. Board of Education*, 238 Ill. App. 3d 399, 402 (1992). Our review of this dismissal is *de novo*. See *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112 (1993).

■ As a preliminary matter, the parties dispute whether the City owed plaintiff a legal duty of care. The threshold question in a negligence case is whether the defendant owes a duty of care to the plaintiff. *Curtis v. County of Cook*, 98 Ill. 2d 158, 162 (1983). The existence of a duty and the existence of immunity are separate and distinct issues. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 388 (1996). Since the abolition of sovereign immunity, our courts have held that governmental units are liable in tort on the same basis as private tortfeasors unless a valid statute dealing with tort immunity imposes limitations upon that liability. *Barnett*, 171 Ill. 2d at 387. Whether a duty exists is a question of law subject to *de novo* review. *Wolowinski v. City of Chicago*, 238 Ill. App. 3d 639, 641 (1992).

Since we recognize that a private entity would, under the circumstances of this case, owe plaintiff a duty of reasonable care, we reject the City's claim of "no duty" based on the common law rule that a governmental body exercising its governmental authority for a governmental purpose is generally not liable in negligence.[1]

Having recognized that the City owed plaintiff a duty of reasonable care in the performance of a City-planned and orchestrated fire drill, we next examine whether the City is immune from liability for an alleged breach of that duty.

■ As we have noted, immunity must be predicated upon a specific statutory enactment and units of local government and their employees are immune only to the extent that the General Assembly has provided such immunity. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 507 (1990). Moreover, the provisions of the Act are to be strictly construed as the Act is in derogation of the common law. *Sisk v. Williamson County*, 167 Ill. 2d 343 (1995).

■ Since the trial court does not delineate the section that is the basis of the purported immunity, we must analyze the various sections offered by the City. The City first directs our attention to section 5—102 of the Act, which provides:

"Neither a local public entity that has undertaken to provide fire protection service nor any of its employees is liable for an injury resulting from the failure to suppress or contain a fire or from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities." 745 ILCS 10/5—102 (West 1992).

The City is a local public entity that "provides fire protection services"; however, the immunity granted is only from injuries or damage resulting from failure to suppress or contain a fire or failure to have sufficient personnel, equipment or other fire protection facilities. Plaintiff was not injured by reason of the failure to fight a fire or by a lack of equipment or personnel or by reason of the lack of fire protection facilities.

We are required to give effect to the plain and ordinary meaning of the statutory language and may not infer the legislature's intent

---

[1]The City cites *Brown v. Chicago Park District*, 218 Ill. App. 3d 612 (1991), in support of its "no duty" claim. The *Brown* court found that the park district's operation of a swimming pool was a governmental function rather than a proprietary function. Therefore, the appellate court held that the park district was immune from liability. *Brown*, 218 Ill. App. 3d at 616. However, as the supreme court recently reaffirmed, the reasoning of *Brown* was rejected 35 years ago. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 387 (1996).

no matter how laudable. *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 455-56 (1990). Section 5—102 is not a broad grant of immunity, and the activity in which the fire marshall was engaged does not appear to be covered by this section.

We should also note the General Assembly is perfectly able to draft a broad grant of immunity if that is its intent. For example, in the section dealing with the immunity afforded with respect to police protection, police are granted the kind of immunity that the City here seeks for its firefighters. Section 4—102 grants immunity for "failure to provide adequate police protection or service." 745 ILCS 10/4—102 (West 1992). Providing procedures for and conducting a fire drill are certainly within the ambit of fire service and, if section 5—102 had similar language, firefighters would enjoy the same kind of immunity as their brothers and sisters on the police force.

Plaintiff alleges that the Department negligently planned the drill, placing plaintiff at risk because she and her fellow employees were instructed to stand in an overcrowded space. More specifically, because the space was inadequate to accommodate the number of employees participating in the drill, plaintiff was instructed to stand in the path of a heavy fire door.

The number of Department personnel present during the drill did not contribute to the risk occasioned by the facts of this case, nor did the provision or maintenance of equipment. Similarly, we fail to see how "facilities," which we believe refers to Department structures and their locations, are implicated by plaintiff's complaint. Properly invoked, section 5—102 has been found to provide immunity for failure to supply adequate water pressure, contributing to a fire department's inability to suppress a fire. *Pierce v. Village of Divernon*, 17 F.3d 1074 (7th Cir. 1994). The instant case simply does not involve this type of activity, and we must construe a statute as it is and may not, under the guise of construction, supply omissions or add conditions or provisions that would depart from the plain meaning of the language employed in the statute. *Buckellew v. Board of Education of Georgetown-Ridge Farm Community Unit School District No. 4*, 215 Ill. App. 3d 506, 511 (1991).

Additional immunity is available pursuant to section 5—103 of the Act. Section 5—103(b) provides:

"Neither a local public entity nor a public employee acting in the scope of his employment, is liable for an injury caused by an act or omission of a public employee while engaged in fighting a fire. However, this Section shall not apply if the injury is caused by the willful and wanton conduct of the public employee." 745 ILCS 10/5—103(b) (West 1992).

We find the language "while engaged in fighting a fire" to refer to acts or omissions occurring in the course of fighting an actual or present fire, and not in the performance of a fire drill, which by definition relates to a future or potential occurrence.

The City relies alternatively on the immunity provided pursuant to section 2—109 and section 2—201 of the Act. Sections 2—109 and 2—201 of the Act grant immunity to public entities for the performance of discretionary functions. Although the City did not cite or argue the above sections before the trial court, the trial court's decision to dismiss plaintiff's complaint can be sustained on any ground warranted, regardless of whether the trial court specifically relied upon such ground (*Messenger v. Edgar*, 157 Ill. 2d 162, 177 (1993)) and provided that the factual basis for the ruling appears in the record. *Munizza v. City of Chicago*, 222 Ill. App. 3d 50 (1991).

Section 2—201 provides:

> "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2—201 (West 1992).

Section 2—109 simply extends this immunity to local public entities. 745 ILCS 10/2—109 (West 1992).

The operative language in section 2—201 is "not liable for an injury resulting from his act or omission *in determining policy*." (Emphasis added.) 745 ILCS 10/2—201 (West 1992). Although the City clearly has a policy of fire safety and authorizes its fire department to conduct fire drills in furtherance of this policy, directing plaintiff to stand behind a door, though discretionary, is not a policy determination within the meaning of the Act. Accordingly, we decline to apply section 2—201 immunity to the fire marshall's actions.

Since the City owes a duty of care to plaintiff and is not immunized from liability by the Act, we reverse the trial court's order dismissing count II of plaintiff's complaint. Because we find that the City is not immune from liability, we need not address the special duty exception urged by plaintiff, which operates as an exception once immunity is found to exist.

■ Lastly, although we need not address the exception for wilful and wanton misconduct, we observe that count III of plaintiff's complaint, viewed in the most favorable light, does not allege a wilful and wanton injury as recently defined by our supreme court: "[a] wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless dis-

regard for the safety of others." *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 273, (1994). Plaintiff's injury was not the result of wilful and wanton conduct on the part of the fire marshall.

We therefore affirm the trial court's dismissal of count III. See *Brown*, 218 Ill. App. 3d at 615 (appellate court can affirm the dismissal of a complaint pursuant to section 2—619 on any grounds that are supported by the record, regardless of whether the trial court relied on such grounds).

Beyond this observation, we do not address the merits of count III of plaintiff's complaint, observing only that the particular activity of conducting a fire drill is not recognized in the relevant provisions of the Tort Immunity Act.

For the reasons set forth above, we reverse the decision of the trial court as to count II, affirm its dismissal of count III, and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

TULLY, P.J., and CERDA, J., concur.