GLENDA L. DEVER *et al.*, Plaintiffs-Appellants, v. LINDA SIMMONS *et al.*, d/b/a Skyway Toll Plaza Partnership, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—96—2888

Opinion filed September 4, 1997.

Torshen, Spreyer & Garmisa, Ltd. (Jerome H. Torshen, James K. Genden, and Steven P. Garmisa, of counsel), and Hoey & Farina (Frank E. Van Bree, of counsel), both of Chicago, for appellants.

Purmal, Barnes & Cohen, of Chicago (Robert E. Baronowski, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiffs, Glenda L. Dever and David Dever, appeal from the dismissal of their negligence complaint against defendants, Linda Simmons and David Lubeznik, doing business as Skyway Toll Plaza Partnership (the franchisees), and McDonald's Corporation, a Delaware corporation. The complaint was dismissed because defendants were joined after the statute of limitations expired. Plaintiffs originally filed their complaint against an incorrect defendant, McDonald's Restaurants of Illinois, Inc. Plaintiffs argue on appeal that defendants waived the statute of limitations, that defendants should have been estopped from raising the statute of limitations, and that plaintiffs' complaint should relate back to the time that their original complaint against the incorrect defendant was filed because

plaintiffs inadvertently failed to name the correct defendants based in part on the confusing similarity of the names of the McDonald's entities. We affirm.

## FACTS

On September 2, 1992, Glenda L. Dever fell outside the McDonald's restaurant at 8871 S. Kingston Avenue in Chicago. On August 29, 1994, plaintiffs filed a personal-injury complaint in the United States District Court for the Northern District of Illinois against McDonald's Restaurants of Illinois, Inc., based on the accident. The summons and the complaint were served on the registered agent for McDonald's Restaurants of Illinois, Inc., on September 2, 1994. The two-year personal-injury statute of limitations (735 ILCS 5/13—202 (West 1994)) elapsed on the same date.

McDonald's Restaurants of Illinois, Inc., denied in its answer that it owned or operated the restaurant where the accident occurred. The attorney for McDonald's Restaurants of Illinois, Inc., informed the attorney for plaintiffs that the owner of the restaurant was another corporation, McDonald's Corporation.

On October 13, 1994, after the statute of limitations had expired, plaintiffs filed an amended complaint in federal court naming McDonald's Corporation as defendant. On October 19, 1994, the amended complaint was served on the registered agent for McDonald's Corporation. The registered agent was the same as for McDonald's Restaurants of Illinois, Inc. McDonald's Corporation's answer admitted that it owned the restaurant but denied that it operated the restaurant. The answer did not state that there were franchisees who operated the restaurant. After the answer was filed, plaintiffs' attorney telephoned McDonald's Corporation's attorney and thereby learned that there were franchisees.

On November 7, 1994, plaintiffs moved to compel disclosure of the franchisees. After service of the motion, McDonald's Corporation's attorney identified the franchisees. On December 2, 1994, plaintiffs filed a second amended complaint adding the franchisees as defendants. On April 26, 1995, the federal court dismissed the claims against the franchisees, apparently for lack of diversity jurisdiction.

On May 17, 1995, pursuant to the refiling statute (735 ILCS 5/13—217 (West 1994)), plaintiffs filed a complaint in the circuit court of Cook County against the franchisees. The franchisees were served on May 25, 1995.

On May 24, 1995, McDonald's Corporation was dismissed from the federal lawsuit on the basis that the franchisees were unavailable.

On June 5, 1995, plaintiffs filed an amended state-court complaint naming McDonald's Corporation as an additional defendant. On July 13, 1995, all three defendants filed an appearance in the circuit court of Cook County.

Plaintiffs' attorney prepared for trial in the state-court case by serving interrogatories and requests for production of documents on defendants, and by attending court hearings concerning discovery deadlines. After this preparation by plaintiffs, defendants filed on December 18, 1995, a motion to dismiss the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1994)), arguing that the two-year personal-injury statute of limitations (735 ILCS 5/13—202 (West 1994)) expired on September 2, 1994. Defendants stated in the motion that neither McDonald's Corporation nor the franchisees had known that the original action was pending prior to the expiration of the statute of limitations.

Plaintiffs filed a memorandum in opposition to the motion to dismiss that did not argue that the amended complaint related back to the date the original action was filed. Plaintiffs did not raise the relation-back issue until their motion to reconsider the dismissal of their complaint, and they then did not provide evidence of defendants' knowledge of the original complaint.

The trial court granted the motion to dismiss. After plaintiffs' motion to reconsider was denied, plaintiffs appealed.

## DISCUSSION

■ The standard of review for involuntary dismissal under section 2—619 is *de novo*. *Harinek v. City of Chicago*, 283 Ill. App. 3d 491, 493, 670 N.E.2d 869 (1996).

## I. Waiver

Plaintiffs first argue that defendants waived the statute of limitations by failing to plead it in their answer.

■ The statute of limitations is an affirmative defense that must be pleaded and proved by a defendant. *Goldman v. Walco Tool & Engineering Co.*, 243 Ill. App. 3d 981, 989, 614 N.E.2d 42 (1993). Section 2—613(d) of the Code of Civil Procedure requires that facts constituting any affirmative defense be plainly set forth in the answer. 735 ILCS 5/2—613(d) (West 1994). Section 2—613 is designed to prevent unfair surprise at trial. *Holladay v. Boyd*, 285 Ill. App. 3d 1006, 1011, 675 N.E.2d 262 (1996).

The Code of Civil Procedure also permits a defendant to raise the statute of limitations in a section 2—619 motion to dismiss (735 ILCS 5/2—619(a)(5) (West 1994)). The Code thus provides a defendant with

the alternative method of the motion to dismiss to raise the statute of limitations. Motions to dismiss under section 2—619 and summary judgment motions are routinely made after discovery has been completed and the parties know what the evidence is. There is no requirement in the statute that an affirmative defense must be raised in an answer before a party may move to dismiss a complaint under section 2—619 or move for summary judgment. 735 ILCS 5/2—619(a)(5) (West 1994).

■ We hold that, even though defendants neither raised the statute of limitations in their answer nor amended their answer to raise it, defendants were permitted to raise the statute of limitations in a section 2—619 motion to dismiss.

Plaintiffs argue defendants waived the statute of limitations defense by delay in filing their motion to dismiss. Waiver is the purposeful relinquishment of a known right, and it can arise either expressly or by conduct inconsistent with an intent to enforce that right. *Bailey v. Petroff*, 170 Ill. App. 3d 791, 798-79, 525 N.E.2d 278 (1988). Depending on the circumstances, a trial court can permit a late assertion of the statute of limitations. See *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 407, 546 N.E.2d 751 (1989) (when the statute of limitations was first raised in an amended answer three years after the amended complaint, the court considered that the trial had not yet begun, that the defense did not require further investigation by either party, and that a finding that the statute of limitations had elapsed would eliminate the necessity of a trial).

*Behr*, 190 Ill. App. 3d at 407, also pointed out:

> "The failure to plead an affirmative defense, such as a statute of limitations, does not constitute waiver. Rather, a trial court may, in its sound discretion, allow a defendant to file an amended answer raising affirmative matter anytime prior to the entry of a final judgment."

Further, a motion to dismiss is distinct from an answer. Filing a motion to dismiss does not preclude later filing an answer, and filing an answer does not preclude later filing a section 2—619 motion to dismiss. *Outlaw v. O'Leary*, 161 Ill. App. 3d 218, 220, 515 N.E.2d 208 (1987); *Stewart v. County of Cook*, 192 Ill. App. 3d 848, 858, 549 N.E.2d 674 (1989). We find that filing an affirmative defense in an answer raising the statute-of-limitations expiration is not a prerequisite for a motion to dismiss under section 2—619. But a long delay in raising the statute of limitations can be the basis for finding waiver. *E.g., Turner v. Cosmopolitan National Bank*, 180 Ill. App. 3d 1022, 1028-29, 536 N.E.2d 806 (1989) (statute of limitations raised in summary judgment motion $3^{1}/_{2}$ years later).

The two-year statute of limitations for plaintiffs' personal injury claim elapsed in September 1994. The state-court complaint did not name the franchisees until May 1995 and did not name McDonald's Corporation until June 1995. We find that defendants did not waive the right to dismiss based on the statute of limitations because the delay in making the motion after the proper defendants were joined was not very long. In addition, the prejudice to plaintiffs was not great because the case was not ready for trial when defendants filed the motion to dismiss.

## II. Estoppel

Plaintiffs next argue that defendants were estopped from asserting the statute of limitations.

■ A defendant is estopped from asserting a statute of limitations if the plaintiff's failure to act within the statutory period results from reasonable reliance on the defendant's conduct or representations. *Witherell v. Weimer*, 118 Ill. 2d 321, 330, 515 N.E.2d 68 (1987). An intent to mislead, deceive, or delay is not necessary. *Witherell*, 118 Ill. 2d at 330.

■ Plaintiffs argue that there was confusion about the McDonald's identities that was engendered by the two corporations' deliberate use of similar business names, but plaintiffs have not demonstrated how the similarity of the names caused them to file suit against the wrong defendant. Plaintiffs have shown that they did very little prior to filing the lawsuit to determine who owned the restaurant, and it is unknown what caused plaintiffs to sue the incorrect defendant. According to plaintiffs' chronology of relevant events filed in the circuit court, plaintiffs' attorney called the insurance adjuster in the late fall of 1992. Plaintiffs then did not contact McDonald's or an insurance adjuster again until August of 1994. The lawsuit was filed August 29, 1994, four days before the statute of limitations expired.

This indicates, according to the record, that for almost two years plaintiffs made no further effort to obtain relevant information concerning the owner or operator of the restaurant from anyone associated with McDonald's Corporation. Plaintiffs note that the two corporations share headquarters, a president, a registered agent, an insurance adjuster, and an attorney, but the record does not indicate plaintiffs even knew that the two corporations existed before they filed suit. *Cf. Bates v. Wagon Wheel Country Club, Inc.*, 132 Ill. App. 2d 161, 166, 266 N.E.2d 343 (1971) (plaintiff had difficulty in determining who the proper defendant was because of defendants' use of nine corporations to run a business where six had similar names).

In the *Bates* case, the name Wagon Wheel Lodge Hotel was

displayed on the premises. Also operating on the same premises were Wagon Wheel Enterprises, Inc., Wagon Wheel Country Club, Inc., and Henry Wilson doing business as Wagon Wheel Stables. In the case *sub judice*, the name of McDonald's was displayed, and there is only one owner of the premises-McDonald's Corporation. The franchisees are Linda Simmons and David Lubeznik, doing business as Skyway Toll Plaza Partnership. We do not find the confusion as was found in *Bates*. In this case, McDonald's Corporation would not be easily confused with Simmons or Lubeznik, the only persons in possession of the premises. Assuming *arguendo* that plaintiffs knew only about McDonald's Restaurants of Illinois, Inc., and mistakenly assumed that it was the owner and operator of the restaurant, plaintiffs did not show conduct of defendants upon which plaintiffs could reasonably rely. Defendants never furnished the name of McDonald's Restaurants of Illinois, Inc., to plaintiffs.

Plaintiffs argue that they relied on the restaurant's insurance adjusters referring, prior to the federal suit being filed, only to "McDonald's" as being the insured. Defendants correctly argue that "McDonald's" should have been understandable to plaintiffs' attorney as being a shorthand way of referring to the full name of "McDonald's Corporation," and plaintiffs could not reasonably rely on those statements.

In contrast, in *Shockley v. Ryder Truck Rental, Inc.*, 74 Ill. App. 3d 89, 94-95, 392 N.E.2d 675 (1979), an issue of fact was raised as to whether plaintiffs were misled into suing the lessor of the leased truck that struck plaintiffs' car where defendant's insurance adjuster represented in writing that he was negotiating the claims of plaintiffs on behalf of the incorrectly sued lessor, Ryder Truck Rental, Inc., but who did not disclose the existence of the lessee. The insurance adjuster also inquired in writing about settlement at a previously agreed amount.

It was plaintiffs' responsibility to investigate who owned and operated the restaurant. Plaintiffs also could not rely upon the failure of the insurance adjusters to send documents to their attorney that possibly would have identified the full name of the insured corporation.

Plaintiffs also argue that defendants' insurance adjuster did not notify them before the statute of limitations elapsed that the restaurant was operated by franchisees. It has been held in another case involving a fall at a McDonald's restaurant that a general denial in the answer that McDonald's did not own or control the restaurant was not fraudulent concealment that tolled the statute of limitations but was mere silence as to the owners' identities. *Thomson v. Mc-*

*Donald's, Inc.*, 180 Ill. App. 3d 984, 986-87, 536 N.E.2d 760 (1989). If a defendant's denial of ownership in an answer is not fraudulent concealment, then neither could defendants' insurance adjuster's failure to state before the expiration of the statute of limitations that franchisees operated the restaurant be an omission upon which plaintiffs could reasonably rely. Furthermore, plaintiffs' failure to act within the statute of limitations could not have been the result of defendants' attorney's failure to notify plaintiffs that the restaurant was operated by franchisees because communication with defendants' attorney occurred after the statute of limitations elapsed.

Plaintiffs also argue that the franchisees violated a Chicago law requiring the display of a business license in a conspicuous area of the restaurant (Chicago Municipal Code § 4—4—210 (1990)). Plaintiffs have not shown that they reasonably relied on this violation at the time that they brought their complaint. Furthermore, it was certainly a possibility that a McDonald's restaurant was operated as a franchise, and plaintiffs do not argue that they could not find any public record that stated who operated the restaurant. There is no allegation, or anything in the record, that shows that the franchisees failed to file an appropriate certificate with the City of Chicago for doing business. *Cf. Campbell v. Feuquay*, 140 Ill. App. 3d 584, 589-90, 488 N.E.2d 1111 (1986) (owner failed to file a certificate for doing business under an assumed name); *Bechtel v. Robinson*, 886 F.2d 644, 650 (3d Cir. 1989) (failure to post a business license in a public area of an office and the disclosure in the public records *only* that the original, incorrect defendant was the owner of the restaurant misled plaintiffs into thinking that the original defendant was the owner where another person had purchased the restaurant).

Plaintiffs must take the responsibility for their apparent failure to thoroughly investigate the ownership of the restaurant's premises and business. In the case of *Illinois Central Gulf R.R. Co. v. Department of Local Government Affairs*, 169 Ill. App. 3d 683, 523 N.E.2d 1048 (1988), petitioners argued that the court placed an undue burden on them to search public records for pending cases. The court held that the existence of the two cases could have been determined by simply checking the pertinent records of the clerk of the circuit court of Cook County. *Illinois Central*, 169 Ill. App. 3d at 690. The title to real property and the names of holders of business licenses can be readily ascertained by searching the public records of Cook County and the City of Chicago. We do not believe it is an undue burden on plaintiffs to search the public records before filing a lawsuit. See *Thomson*, 180 Ill. App. 3d at 987. Defendants were not estopped from raising the statute of limitations in their motion to dismiss.

### III. Relation Back

Plaintiffs next argue that their claims against all defendants related back to the original federal complaint under section 2—616(d) of the Code of Civil Procedure (735 ILCS 5/2—616(d) (West 1994)).

■ Section 2—616(d) provides that a cause of action against a person not originally named a defendant is not barred by lapse of time under any statute limiting the time within which an action may be brought and that the cause of action relates back to the date of the filing of the original pleading if all the following requirements are met: "(1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner *** even though he or she was served in the wrong capacity or as agent of another ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." 735 ILCS 5/2—616(d) (West 1994). The relation-back rule is to be liberally construed so that controversies can be determined according to the substantive rights of the parties.

■ Plaintiffs argue that defendants' assertion in the motion to dismiss that defendants lacked knowledge of the pending federal lawsuit was not supported by an affidavit, which is required when the grounds for dismissal do not appear on the face of the pleading attacked. 735 ILCS 5/2—619(a)(5) (West 1994). The grounds of plaintiffs' failure to join the correct defendants within the statute of limitations did appear from the complaint. The date of injury to plaintiff Glenda Dever and the date that the complaint was filed against defendants appear in the original pleading filed in the federal action against the same defendants in this lawsuit. Therefore, defendants did not have to support their motion to dismiss with affidavits.

Defendants did not need to prove that an element of the relation-back doctrine was absent. It was plaintiffs who had to demonstrate in opposition to defendants' motion to dismiss that their cause of action related back under section 2—616(d). See 735 ILCS 5/2—619(c) (West 1994) (if, upon the hearing of the motion to dismiss, the opposite party presents affidavits or other proof establishing facts obviating the grounds of defect, the court may deny the motion); see also *Cundiff v. Unsicker*, 118 Ill. App. 3d 268, 454 N.E.2d 1089 (1983).

Plaintiffs also argue that the failure to join defendants was inadvertent because McDonald's Restaurants of Illinois, Inc., McDonald's Corporation, and the franchisees were closely related.

Inadvertence within the meaning of section 2—616(d)(2) means excusable ignorance. *Zincoris v. Hobart Brothers Co.*, 243 Ill. App. 3d 609, 614, 611 N.E.2d 1327 (1993). Complex organization structure, if it causes confusion in ascertaining the correct defendant, can be a basis for finding inadvertence. *Household Commercial Financial Services, Inc. v. Trump*, 863 F. Supp. 735, 743 (N.D. Ill. 1994). The mere fact that businesses set up different entities to conduct their affairs, however, does not justify a finding of inadvertence unless the profusion of such entities causes confusion in identifying the proper defendants. *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1084-85, 657 N.E.2d 12 (1995).

Because plaintiffs did not support their relation-back argument in the trial court in the supporting affidavit of plaintiffs' attorney, it is unknown to what extent plaintiffs' investigation of the ownership and operation of the restaurant was completed before they filed suit. It is also unknown whether plaintiffs knew of the existence of both corporations but mistakenly selected McDonald's Restaurants of Illinois, Inc., to sue. Here there could be no confusion, as in *Bates*, where at least four entities were operating on the same premises all using Wagon Wheel as their name. The McDonald's restaurant at 8871 South Kingston had only one owner and one franchisee on the premises. No other entities were operating on the premises.

From the record, it does not appear that any insurance adjuster or McDonald's employee furnished the name "McDonald's Restaurants of Illinois, Inc.," to plaintiffs. These persons gave the name "McDonald's" to plaintiffs. Defendants by their names and conduct did not mislead plaintiffs. Plaintiffs mistakenly selected the party to sue. *Cf. Latshaw v. Humphreys Leather Goods Co.*, 5 Ill. App. 3d 98, 100, 283 N.E.2d 71 (1972) (plaintiff did title search to confirm that the owner of a building was the corporation that was posted on signs). Plaintiffs have not shown that they were actually confused by the existence of the two McDonald's entities and that they were excusably ignorant of the fact that McDonald's Corporation was the correct defendant. Plaintiffs have not proven inadvertence.

We also find that the amended complaint against the franchisees Simmons and Lubeznik cannot relate back to the original complaint because plaintiffs did not serve the agent or partner of the franchisees as required by section 2—616(d)(3). See *Thomson*, 180 Ill. App. 3d at 987-88 (an amended complaint against a franchisee did not relate back to the complaint against the franchisor McDonald's Corporation because McDonald's Corporation was not the agent of the franchisee).

The judgment of the trial court is affirmed.

Affirmed.

WOLFSON, P.J., and McNAMARA, J., concur.