742 N.E.2d 839 (2000)
318 Ill.App.3d 641
252 Ill.Dec. 301
In re Application of the COUNTY COLLECTOR for Judgment and Order of Sale Against Land and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1996 and Prior Years (Ajax Financial, L.P., Plaintiff-Appellee,
v.
The State of Illinois CMS, ABN-AMRO Incorporated Leasing and Financial Services, Defendants-Appellants).
No. 1-99-2583.
Appellate Court of Illinois, First District, Second Division.
December 29, 2000.
Richard D. Glickman, Chicago, for Plaintiff-Appellee.
Vincent T. Borst, Alex Darcy, Askounis & Borst, P.C., Chicago, for Defendants-Appellants.
Justice COUSINS delivered the opinion of the court:
Tax purchaser Ajax Financial, L.P. (Ajax) brought a petition to expunge redemption against property owner ABN-AMRO Incorporated Leasing and Financial Services (ABN). Specifically, Ajax argued that ABN paid delinquent property taxes after the extended period of redemption had expired. On June 23, 1999, the trial court granted Ajax's motion for summary judgment on its petition to expunge redemption. On June 29, 1999, the trial court further entered an order directing the county clerk to issue a tax deed for the contested property in favor of the tax purchaser, Ajax.
ABN now appeals, arguing that: (1) Ajax waived its right to contest ABN's redemption of the taxes because an Ajax agent authorized late redemption after the period of redemption had already expired; and (2) ABN is entitled to an equitable redemption because it attempted to redeem its property in good faith and was frustrated through no fault of its own.

BACKGROUND
On February 27, 1998, Ajax purchased delinquent real property taxes for parcel No. 16-35-403-043-0000 located in Cook County for the 1996 tax year. The property owner was ABN. The parcel consists of a portion of a commercial warehouse *840 leased to the State of Illinois. A certificate of purchase dated March 11, 1998, issued by the county clerk for Cook County, states that Ajax's tax purchase also included $3,352.03 of unpaid taxes for 1992. Since ABN owed two years of back taxes for the years 1992 and 1996, the original period of redemption expired six months from the date of sale, on August 27, 1998. However, ABN now alleges that Cook County records indicate that the 1992 taxes were overpaid by ABN, such that it appears that only one year's taxes had been in arrears. According to ABN, the original period of redemption should have expired two years from the date of sale on February 28, 2000.
In any event, Ajax extended the period of redemption on two occasions, the last extension expiring on January 27, 1999. On September 16, 1998, Ajax filed its petition for tax deed with the clerk of Cook County. On October 27, 1998, ABN obtained an estimate of redemption from the Cook County clerk (County).
On January 13, 1999, ABN paid $34,216.70 to the County based upon the County's October estimate of redemption. On January 14, 1999, the County recomputed the cost of redemption and determined that the funds tendered by ABN were insufficient. The County attempted to inform ABN of the shortfall by sending a letter properly addressed to:
"State of Illinois CMS c/o ABN AMRO Inc. Leasing and Financial Services 208 S. LaSalle St. 208-400 Chicago, IL 60604."
However, on February 2, 1999, six days after the expiration of the period of redemption, the United States Postal Service returned the letter to the County, stating that the addressee was "unknown."
The County then contacted ABN by telephone, informing ABN that it would be unable to accept the outstanding balance without the tax buyer's consent, because the period of redemption had already expired. ABN contacted an Ajax agent in California and obtained the agent's consent to the late redemption. The Ajax agent wrote the following letter, dated February 4, 1999, to Fredda Berman of the Cook County collector's office:
"We authorize the Cook County Collector's Office to accept payment after January 27 for the redemption of parcel # XX-XX-XXX-XXX-XXXX. Please call me if you have any further questions at XXX-XXX-XXXX extension 263.
 Sincerely,
 Leone Vukelj
 Agent, Ajax Financial."
Upon receiving the letter, ABN remitted $24.30, and the County issued a certificate of redemption to ABN on February 17, 1999.
In its brief, ABN alleges that an outstanding balance of $24.30 resulted from additional interest. The record reveals that the shortfall was actually $23.40 and was itemized as advertising costs. Specifically, the October estimate indicates $122 was due for advertising; whereas, the January estimate increased the amount to $155.40.
Ajax's counsel in Chicago represented to the trial court that he had no actual knowledge of ABN's redemption. However, Ajax does not contest the agent's authority for purposes of summary judgment. Ajax continued with the petition for tax deed and proved Ajax's compliance with Article 22 of the Property Tax Code before Judge Marjan Staniec on February 24, 1999. 35 ILCS 200/22-5 et seq. (West 1998). Ajax's counsel represented to the trial court that, on March 9, 1999, he learned of the redemption while checking records of the county clerk on an unrelated matter. On March 10, 1999, Ajax filed its petition to expunge redemption and later filed a motion for summary judgment on the matter. The trial court granted Ajax's motion and entered an order directing the county clerk to issue a tax deed on June 29, 1999.
ABN appeals. We reverse in part and vacate in part.

*841 ANALYSIS

I. WAIVER
First, ABN argues that Ajax waived the statutory requirement that provides "the court shall allow the purchaser * * * to extend the period of redemption after expiration." 35 ILCS 200/21-385 (West 1998). Ajax responds that Section 21-385 is not waivable.
Statutory construction is a question of law, and a reviewing court will interpret a statute pursuant to its own judgment, without deference to the trial court's determination. Advincula v. United Blood Services, 176 Ill.2d 1, 12, 223 Ill.Dec. 1, 678 N.E.2d 1009 (1996). Section 21-385 of the Property Tax Code provides in pertinent part:
"Extension of the period of redemption. The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption, or thereafter prior to the expiration of any extended period of redemption, for a period which will expire not later than 3 years from the date of sale, by filing with the county clerk of the county in which the property is located a written notice to that effect describing the property, stating the date of sale and specifying the extended period of redemption. If prior to the expiration of the period of redemption or extended period of redemption a petition for tax deed has been filed under Section 22-30, upon application of the petitioner, the court shall allow the purchaser or his or her assignee to extend the period of redemption after expiration of the original period or any extended period of redemption, provided that any extension allowed will expire not later than 3 years from the date of sale." (Emphasis added.) 35 ILCS 200/21-385 (West 1998).
The parties agree that the purchaser may extend the period of redemption any time before expiration of the period of redemption without leave of court. However, after the period of redemption expires, where a petition for tax deed has been filed, the statute provides that, upon application of the petitioner, the court shall allow the purchaser to extend the period of redemption.
ABN argues that Ajax could waive a statutory provision intended for Ajax's benefit. In support of its view, ABN cites three cases stating the general rule that a party may waive a statutory provision designed for its personal benefit. United States v. Mezzanatto, 513 U.S. 196, 200-01, 115 S.Ct. 797, 801, 130 L.Ed.2d 697, 704 (1995); Dever v. Simmons, 292 Ill.App.3d 70, 74, 226 Ill.Dec. 1, 684 N.E.2d 997 (1997); Raimondo v. Kiley, 172 Ill.App.3d 217, 224-25, 122 Ill.Dec. 198, 526 N.E.2d 457 (1988). In Mezzanatto and Dever, it was clearly ascertainable whom the statutes were intended to benefit and the courts found the provisions waivable. Mezzanatto, 513 U.S. at 201, 210-11, 115 S.Ct. at 801, 806, 130 L.Ed.2d at 704, 710 (plea-statement rules, giving defendant the right not to be impeached by statements made during plea discussions, were clearly designed to benefit criminal defendant and were waivable); Dever, 292 Ill.App.3d at 74, 226 Ill.Dec. 1, 684 N.E.2d 997 (statute of limitations, intended to benefit defendant, was waivable if defendant waited too long in raising this affirmative defense).
However, the court in Raimondo found that the ex post facto prohibition was not waivable by a criminal defendant because it served purposes other than securing the personal rights of criminal defendants. Raimondo, 172 Ill.App.3d at 225, 122 Ill. Dec. 198, 526 N.E.2d 457. In Raimondo, the court wrote:
"Through the [ex post facto] prohibition, the Framers sought to assure that statutes give fair warning of what conduct the State deems criminal and the punishment that the State may impose. Further, the prohibition permits individuals to rely on the meaning of statutes *842 until explicitly changed. [Citations.] The ex post facto prohibition also upholds the doctrine of separation of powers. The prohibition confines the legislature to enacting penal statutes with only prospective effect and confines the executive and judiciary to applying existing penal law." Raimondo, 172 Ill. App.3d at 225, 122 Ill.Dec. 198, 526 N.E.2d 457.
Thus, Raimondo held that certain constitutional rights are so fundamental they are not subject to waiver. In contrast, Section 21-385 does not involve fundamental constitutional rights.
ABN also argues that this case is similar to In re Application of County Collector, 131 Ill.App.2d 509, 266 N.E.2d 383 (1970) (First Lien). We agree. In First Lien, the tax purchaser voluntarily extended the time for redemption to January 16, 1969. The mortgagee testified at trial that, about a month before the 16th, he had a phone conversation with the tax purchaser in which the purchaser agreed to waive strict adherence to the redemption period. However, the tax purchaser testified that he had no recollection of this conversation, Based upon this alleged conversation, the mortgagee tendered the redemption money on January 21, but the county clerk refused to accept it because the redemption period had ended on the 16th. First Lien, 131 Ill.App.2d at 511-13, 266 N.E.2d 383.
The court held that the mortgagee's clear and unequivocal testimony concerning the purchaser's oral waiver, in contrast to the purchaser's vague recollection, was sufficient to establish waiver of strict adherence to the redemption period. The court also emphasized that the mortgagee prepared to redeem months before the expiration of the redemption period. First Lien, 131 Ill.App.2d at 512-13, 266 N.E.2d 383.
Ajax contends that First Lien is distinguishable because the tax purchaser extended the deadline before the period of redemption expired. However, the statute in effect at that time allowed tax purchasers to extend the time of redemption either "before or after" expiration of the period of redemption. Ill.Rev.Stat.1969, ch. 120, par. 744. Thus, the First Lien court was not concerned with whether the purchaser extended the deadline before or after the expiration of the period of redemption because the statute made no such distinction at that time.
On June 25, 1970, Public Act 76-2329 amended section 263 and introduced the court intervention procedure that is contained in the present version of the statute. Pub. Act 76-2329, eff. June 25, 1970. Certainly the statute was amended in 1970 to include court intervention procedure. However, nothing in the legislative history suggests that this provision cannot be waived by agreement between the parties whom it was intended to benefit. In our view, the provision of Section 21-385 (35 ILCS 200/21-385 (West 1998)) that provides that "the court shall allow the purchaser * * * to extend the period of redemption after expiration" does not preempt the voluntary extension by the purchaser, property owner and County of the period of redemption after expiration in the instant case.

II. EQUITABLE REDEMPTION
Next, ABN argues that it is entitled to an equitable redemption because it attempted to redeem in good faith and was frustrated by the mistake of the United States Postal Service. ABN relies on In re Application of the County Treasurer & Ex Officio County Collector, 171 Ill.App.3d 644, 121 Ill.Dec. 545, 525 N.E.2d 852 (1987) (Sadacca). In Sadacca, the property owner requested an estimate for general taxes outstanding. However, the clerk erred by sending an estimate that included taxes owed for 1982-84, but not for 1980-81. Since the property owner believed he had redeemed the taxes based on the erroneous estimate, he failed to attend the hearing on the tax buyer's petition for tax *843 deed. Sadacca, 171 Ill.App.3d at 648, 121 Ill.Dec. 545, 525 N.E.2d 852.
Sadacca held that, when the clerk's office had committed an error, it was enough that the property owner "attempted in good faith to redeem his property." Sadacca, 171 Ill.App.3d at 648, 121 Ill.Dec. 545, 525 N.E.2d 852. Sadacca was based on a provision of the Property Tax Code which allowed an owner of property that it occupied to vacate the issuance of a tax deed due to negligent or willful error by the clerk. Ill.Rev.Stat. 1987, ch. 120, par. 747. The holding in Sadacca was superseded when the legislature amended the statute to include "reasonable reliance" as a prerequisite for obtaining relief from an error by the clerk. See In re Application of the County Treasurer, 267 Ill.App.3d 993, 1001, 204 Ill.Dec. 840, 642 N.E.2d 741 (1994); 35 ILCS 205/266 (West 1992) (repealed and reenacted as 35 ILCS 200/22-45 (West 1994)).
Sadacca involved a property owner's petition to vacate a tax deed. Here, the property owner is appealing an order granting the purchaser's petition to expunge redemption. Also, there are no allegations that the clerk erred in the instant case and no provision of the Property Tax Code specifically grants relief due to mistakes by the United States Postal Service. We also note that the estimate was file-stamped October 27, 1998, and that ABN did not redeem the property until January 13, 1999. Additionally, the October estimate contained the following message written in large print beneath the grand total amount: "NOTE: THE GRAND TOTAL IS SUBJECT TO INCREASE." In our view, Sadacca is inapposite.
Lastly, ABN contends that there exists a genuine issue of fact as to whether its 1992 taxes were in arrears. In light of our holding that the purchaser, property owner and County voluntarily extended the period of redemption after expiration in the instant case, we do not reach this contention by ABN.
For the foregoing reasons, the trial court's June 23, 1999, order granting Ajax's motion for summary judgment expunging ABN's redemption is reversed and the trial court's June 29, 1999, order directing the county clerk to issue a tax deed is vacated.
Reversed in part and vacated in part.
CAHILL, P.J. and McBRIDE, J., concur.